UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**STEVEN LYNN HEARLD**                                                                                           **PLAINTIFF**

v.                                                                                   **CIVIL ACTION NO. 4:14CV-P119-JHM**

**STEVE HANEY** *et al.*                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Steven Lynn Hearld's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

Plaintiff is a convicted prisoner currently incarcerated in the Daviess County Detention Center. He filed this civil-rights action pursuant to 42 U.S.C. § 1983 against Steve Haney and Don Bottom, Wardens at Northpoint Training Center (NTC); Randy White, Warden at Green River Correctional Complex (GRCC); John Motley, Warden at Eastern Kentucky Correctional Complex (EKCC); Becky Pancake, Warden at Western Kentucky Correctional Complex; and LaDonna Thompson, Commissioner of the Kentucky Department of Corrections (KDOC). Plaintiff sues all Defendants in their individual capacity and also sues Defendant Commissioner Thompson in her official capacity.

Plaintiff's first claim pertains to Defendant NTC Wardens Haney and Bottom. He claims,

> Both of these wardens were extremly prejudice and discriminating against all Sex Offenders. You can't work in the Medical department, or be in the Day Program, or take a couple of different classes there is you're a Sex Offender. I was deprived my constitutional rights by not being given my

> Meritorious good time, I completed all things that the classification sat down and more. One reason I was affected by this unfair treatment was because I am a Sex Offender and my job as a Grievance Aid while there. Most of the time the Warden doesn't even state why I can't have my Good Time. I was told many times by different staff that Sex Offenders can not and will not be treated the same. I for one completed the class and should be given Meritorious Good time, the class is two years long why didn't I get good tim while I was in it. I made Parole From Meritorious Housing.

Second, Plaintiff claims that Defendant GRCC Warden White, "treated me unfairly by withholding Meritorious Good time for reason beyond his control" and "discriminat[ed] against me as a Sex Offender."

Third, Plaintiff claims that Defendant EKCC Warden Motley deprived him of "due process and constitutional rights [by] not giving me my Meritorious Good Time while I was there."

Fourth, Plaintiff claims that Defendant WKCC Warden Pancake also denied him good time.

Fifth, with respect to Defendant Commissioner Thompson, Plaintiff claims, "She has allowed my constitutional rights to be violated maliciously punishing me because I am a Sex Offender. Sufficient evidence is enclosed to prove I have done all and then some as the classification set down." He maintains that "where Mrs. Thompson failed to do her duty was instead of looking at why an inmates being denied equal rights by conspiring and taking the side of her co-workers. She holds a position to override or fix said Meritorious Good Time, instead I am being discriminated against as a Sex Offender and being unintelligent."

Finally, as a timeline for when he was incarcerated at each institution, Plaintiff states as follows:

> I was locked-up in Ohio Co. Kentucky and went to trial, got 16 year sentence, class D felony and a PFO in the first degree. Now the dates are close as I can remember, Locked up in Ohio County Jail July 26th 2004

2

> until moved to Daviess CO. Jail July 26th 2005 stayed there until moved to the AC Center around March 2006 stayed a few weeks, moved to Western Ky. Corr. Complex and stayed there until around Dec 2006 moved to Northpoint for a few months, Then around Feb or March moved to Eastern Corr. Complex in around March of 2007 until I was moved to Green river Corr. Complex until around the end of 2008 until I was back to Northpoint Training Center around 2010 until I made parole around Feb. 2014. I got cheated out of my meritorious good time from the start. No one will fix it, only keep repeated what the one in front of them said. I only need about 11 months of this time. From 2004 until 2009 I never got any Meritorious Why? . . . .

As relief, Plaintiff seeks damages and "Restoration of good time."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. Official-Capacity Claims for Damages

Plaintiff sues Defendant Commissioner Thompson in her official capacity. State actors sued in their official capacity for damages are entitled to Eleventh Amendment immunity, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."), and are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The claims against Defendant Commissioner Thompson in her official capacity, therefore, will be dismissed.

#### B. Claims Prior to November 20, 2013

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179,

182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Plaintiff reports that he was at WKCC, NTC, EKCC, GRCC prior to 2010 and was at NTC from 2010 until his parole in February 2014. Plaintiff did not file his complaint until November 20, 2014.[1] Therefore, any alleged constitutional violation committed by any of the Defendant Wardens at those institutions or by Defendant Commissioner Thompson prior to November 20, 2013, are untimely and must be dismissed.

---

[1] Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). On the complaint form, Plaintiff certifies that a copy of his complaint was delivered to the prisoner mail system for mailing on November 20, 2014. However, the return address on the envelope is not from the Daviess County Detention Center where Plaintiff is housed, but appears to be from a residential address. It, therefore, appears that Plaintiff mailed his complaint to a third-party, who then mailed the complaint to the Court. The Sixth Circuit Court of Appeals has not extended the mailbox rule to a prisoner who mails his complaint to a third party for filing. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) ("[W]e hold that the common law mailbox rule is inapplicable to the mailing of habeas petitions to third parties, as intermediaries, who then mail them to the court for filing."). For purposes of initial review, however, the Court will use the earlier date, November 20, 2014, as the filing date.

### C. Claims Since November 20, 2013

Plaintiff reports that he was at NTC until his parole in February 2014. The Court will therefore consider Plaintiff's claims since November 20, 2013.

#### 1. Good-Time Credits

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (rejecting prisoners' § 1983 claims challenging the deprivation of their good-time credits). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because a determination that Defendants violated Plaintiff's constitutional rights in denying him meritorious good-time credits would necessarily demonstrate the invalidity of the duration of his confinement and result in a speedier or immediate release,[2] his sole remedy for his claims challenging the denial of good-time credits is a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition for writ of habeas corpus. The § 1983 claims related to the denial of good-time credits, therefore, will be denied.

#### 2. Programs

Other than the claims regarding good-time credits, Plaintiff contends that Defendant NTC Wardens Haney and Bottom "were extremly prejudice and discriminating against all Sex

---

[2] In his motion for appointment of counsel, addressed by separate order, Plaintiff states, "I only have about 135 days to serve-out the 16 years sentence. Any good time given I'll be immediately released" (DN 10).

6

Offenders. You can't work in the Medical department, or be in the Day Program, or take a couple of different classes there if you're a Sex Offender."

"The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010).

"Prisoners have no constitutional right to rehabilitation, education, or jobs." *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003). Further, "[c]onvicted sex offenders are not a suspect class." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). "Where, as here, no suspect class or fundamental right is implicated, governmental action subject to equal protection scrutiny under the rational basis test must be sustained if *any* conceivable basis rationally supports it." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005).

"'The rational basis test means that courts will not overturn government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Ziss Bros. Const. Co. v. City of Independence, Ohio*, 439 F. App'x 467, 476 (6th Cir. 2011) (quoting *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005) (internal quotation marks omitted in *Ziss*)). "This standard of review is 'a paradigm of judicial restraint,' growing out of recognition that 'equal protection is not a license for courts to judge the wisdom, fairness or logic of legislative choices.'" *TriHealth*, 430 F.3d at 791 (quoting *Fed. Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14 (1993)). "Government action subject to rational basis review will not 'be deemed to lack rational justification simply

because it is not made with mathematical nicety or because in practice it results in some inequality.'" *Ziss Bros. Const. Co.*, 439 F. App'x at 476 (quoting *TriHealth*, 430 F.3d at 790-91 (internal quotation marks omitted by *Ziss*). "Because a plaintiff bears the entirety of the burden in demonstrating that the challenged action had no rational basis, the government entity . . . 'has no obligation to produce evidence to sustain the rationality of its action; its choice is presumptively valid and may be based on rational speculation unsupported by evidence or empirical data.'" *Id.* (quoting *TriHealth*, 430 F.3d at 790).

      A conceivable rational basis for not allowing sex offenders to work in the medical department is the safety and security of other inmates and nurses and other medical personnel. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Plaintiff does not even describe what the Day Program is or specify the "couple of different classes" he mentions in his complaint. Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

      Plaintiff's scant allegations do not overcome the presumption of rationality. *See Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006) ("A plaintiff may demonstrate that the government action lacks a rational basis . . . either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.")

(internal quotations omitted), *overruled on other grounds by Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008), *as recognized in Davis v. Prison Health Servs.*, 679 F.3d 433, 442 n.3 (6th Cir. 2012)). *See, e.g.*, *Tipton v. Mohr*, No. 2:11-CV-00719, 2012 WL 1031416, at *5 (S.D. Ohio Mar. 27, 2012) (finding plaintiff failed to overcome the presumption of rationality by defendants in excluding sex offenders from a rehabilitation program presumably focused on a father's interaction with his children), *report and recommendation adopted*, No. 2:11-CV-00719, 2012 WL 2115342 (S.D. Ohio June 11, 2012); *Fandrich v. Raemisch*, No. 08-cv-726, 2009 WL 62152, at *3 (W.D. Wis. Jan. 8, 2009) (finding conceivable rational basis for removing sex offenders from work positions in which they tutored other inmates).

For these reasons, the Court concludes that Plaintiff fails to state an equal-protection claim against Defendant Wardens Haney and Bottom for excluding sex offenders from a job/program.

### *3. Supervisory Liability*

To the extent Plaintiff seeks to hold Defendant Thompson liable based on her supervisory position as KDOC Commissioner, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability."

*Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Commissioner Thompson was actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The Court, therefore, will dismiss the individual-capacity claims against Defendant Commissioner Thompson for failure to state a claim upon which relief can be granted.

## IV. **CONCLUSION**

For all of the foregoing reasons, the Court will dismiss the action by separate Order.

Date: April 24, 2015

*[signature]*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005

10